UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-CV-22516-SCOLA

DENNIS M. WEINER,

 Plaintiff,
vs.

CARNIVAL CRUISE LINES,

 Defendant.
_____/

## ORDER GRANTING DEFENDANT'S REVISED MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Defendant's Revised Motion for Summary Judgment [ECF No. 46], filed by Carnival Cruise Lines ("Carnival"). On October 4, 2012, the Court held a hearing and received argument from the parties. For the reasons set forth below, the Court finds that Carnival is entitled to summary judgment. Therefore, the Motion is granted.

### Statement of Facts

In August 2010, the Plaintiff, Dennis Weiner ("Weiner"), was a passenger aboard *Carnival Valor* (the "*Valor*"), a cruise ship operated by Carnival. On or about August 16, 2010, Weiner and his wife were taking a walk along the promenade deck of the *Valor*, near the Java Cafe coffee shop, when Weiner, who was wearing flip flops, slipped but did not fall. Weiner allegedly sustained injuries to his right foot and Achilles tendon when he slipped.

This accident, and Weiner's resultant injury, was allegedly caused by the presence of a "foreign substance" on the tile floor. According to Weiner's wife, however, "if there was a liquid on the floor right there, you could not have seen it, because [the floor] was shiny." *See* M. Weiner Dep. at 25. Although Weiner described in deposition that his foot "hydroplaned" and that his "flip-flop slipped on something," *see* D. Weiner Dep. at 144, 147, no water or other liquid substance was found by him, his wife, or any crew member aboard the ship in the moments immediately after the accident.

Weiner concedes that he did not notice any "foreign substance" on the floor before the accident occurred or in the moments immediately after he slipped. Likewise, the crew member who came to assist Weiner immediately after the accident was unable to identify any "foreign

substance" or liquid on the floor in the area where he slipped, even after she and Weiner's wife checked the floor together. As the crew member stated in deposition, "we were actually both touching the tiles checking if there was something, but there was nothing. And we were looking at the tiles from each side. Nothing." *See* A. Stepien Dep. at 14. Nor was anything observed on the floor by the crew member manning the coffee bar adjacent to where Weiner's accident occurred. She stated in deposition that although she was not actively looking for spills and the like in the course of her work at the coffee bar, she did not observe any liquid, napkins, straws, or anything else on the floor in front of the cafe in the three hours preceding the accident. *See* V. Tuanmaliwan Dep. at 22. Carnival states that its crew members routinely, and on a regular basis, observed and inspected the subject area, and Weiner has offered no evidence to rebut this claim.

After the subject incident, Weiner returned home and received medical attention. Subsequently, on September 29, 2010, Weiner suffered a complete rupture of the right Achilles while ambulating from his kitchen to his living room, which required surgical repair. Then, on October 13, 2010, Weiner sustained additional injuries to his neck and ribs when he fell down the stairs at his home, requiring further medical attention and surgery. He claims that these injuries were caused by, and related to, his impairment from the slip accident aboard the *Valor*.

## **Legal Standard**

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248 (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 2011 WL 5903518, at *2 (11th Cir. Nov. 22, 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

## Legal Analysis

The Court finds that Carnival is entitled to summary judgment. Weiner has failed to adduce any evidence that Carnival had actual or constructive notice of the alleged "foreign substance," or wet spot, on the promenade deck's tile flooring. Absent such, Carnival cannot be held liable for Weiner's injuries.

A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Generally, to prevail in a negligence action the plaintiff must show that: (1) the defendant owed plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of plaintiff's injuries; and (4) the plaintiff suffered damages. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006) (Moreno, C.J.). Because the accident in this case occurred aboard a cruise ship, these elements must be evaluated by reference to federal maritime law. *See Smolnokar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011) (Jordan, J.) ("Federal maritime law applies to actions arising from alleged torts 'committed aboard a ship sailing in navigable waters.'").

"It is a settled principle of maritime law that a shipowner owes passengers the duty of exercising reasonable care under the circumstances." *Isbell*, 462 F. Supp. 2d at 1236. This standard of care "requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Keefe*, 867 F.2d at 1322. A cruise line must warn passengers only of those dangers that "the cruise line knows or reasonably should have known," and "which are not apparent and obvious to the passenger." *See Smolnokar*, 787 F. Supp. 2d at 1315 (citations omitted).

In the case at bar, Weiner seeks to hold Carnival liable on the theory that a "foreign substance" – a wet spot – rendered the tile flooring of the promenade deck unreasonably dangerous to traverse. *See* Compl. ¶¶ 7, 9. Carnival's "liability thus hinges on whether it knew or should have known about the treacherous wet spot" alleged to exist. *See Keefe*, 867 F.2d at 1322. Weiner has presented no evidence that Carnival either knew, or should have known, of any liquid on the floor around the time of his accident. Neither he nor his wife saw any liquid on the floor immediately before or after his accident. Nor did anyone else – even after a visual and tactile inspection of the area. In fact, the record is simply devoid of evidence that any Carnival employee or other person saw, or had reason to know of, any wet condition on the floor prior to, or even after, the incident in question. Without such evidence, Weiner has failed to create an issue of fact as to whether Carnival had a duty to warn of a dangerous condition. *See, e.g.*, *Isbell*, 462 F. Supp. 2d at 1237 (granting summary judgment where plaintiff failed to show that cruise line had knowledge of a dangerous condition); *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 66 (2d Cir. 1988) (reversing, remanding, and ordering judgment for cruise line where the evidence showed that plaintiff tripped and fell, but "no witness testified to seeing the protruding screw prior to the accident," and "the only witness to inspect the scene immediately after the accident, found nothing amiss").

The Court is unmoved by Weiner's arguments, premised on Florida state court negligence cases, that summary judgment is inappropriate where there is even "the slightest doubt that an issue [of fact] might exist." *See* Resp. at 13, 15. In deciding a motion for summary judgment in federal court, we are guided by federal procedural standards, not those emanating from state court. *See Wilson v. Target Corp.*, 2011 WL 3878366, at *2 (S.D. Fla. Sept. 1, 2011) (Marra, J.) ("The Florida rule does not apply in this federal case, and neither do the cited Florida cases discussing Florida's procedural summary judgment standard.").

In any event, there is not even "the slightest doubt" in this case. Weiner argues that summary judgment is improper because he testified that "his **left flip flop hydroplaned on a liquid** as he and his wife were walking" on the promenade deck after breakfast. *See* Resp. at 13 (emphasis original). According to Weiner, "[h]is testimony in and of itself creates a genuine issue of material fact that is in dispute in this case and for a jury to decide." *See id.* at 13-14. Not so. In order to impose liability, Weiner must show that Carnival had "actual or constructive notice of the risk-creating condition." *See Keefe*, 867 F.2d at 1322. That Weiner perceived his slip was caused by liquid on the floor is not evidence showing that Carnival knew or had reason to know of a dangerous condition at the time of the accident. *See Isbell*, 462 F. Supp. 2d at 1237

(rejecting argument that the cruise line "should have known" of dangerous condition simply because plaintiff suffered an accident); *Wish v. MSC Crociere S.A.*, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008) (Marra, J.) ("A carrier does not become liable to a passenger solely because an accident occurs.").

In an effort to avoid this result, Weiner also proffers the expert report and testimony of Mr. Lawrence Dinoff.[1] Dinoff opines that the promenade deck flooring was dangerous and slippery when wet and that a wet condition caused Weiner to slip and injure himself on the day of the accident. When asked at deposition to reconcile these opinions with the fact that no liquid was seen, found, or felt on the floor immediately before or after the incident, Dinoff testified that "it was inconspicuous to start with" and "was most likely a small amount of liquid, which had been smeared to the degree of either being not identifiable or evaporated" after Weiner slipped. Dinoff Dep. at 58, 52. He further opined that after the accident, the liquid or wetness "was not identifiable by someone who was looking to see it" because in the course of slipping, the "small amount of water" at issue was smeared or wiped to oblivion. *See id.* at 60.

These opinions, which border on speculation, do not help Weiner's cause. To accept Dinoff's premise – that the amount of liquid on the floor was so small and so undetectable – leads to the inescapable conclusion that Carnival had no reason to know the floor was wet in the first place; and, consequently, no duty to warn Weiner or other passengers about any dangerous condition. Put differently, there is no evidence that Carnival had actual notice of the wet and dangerous floor; and, if the amount of liquid was that small and inconspicuous, then Carnival plainly cannot be charged with constructive notice either. Absent such, Carnival had no duty to cure the dangerous condition, or to warn passengers of it.

To be sure, Dinoff offers additional opinions to the effect that it was foreseeable spills would occur on the promenade deck because several bars and cafes were situated there and "the flooring material Carnival installed on the ship's deck was extremely slippery and dangerous when wet." Dinoff Report at 4, 6. He further pontificates that "it's a bad floor" and "there is no excuse for having a floor in a location like this that's dangerously slippery when wet because you know it's going to get wet." Dinoff Dep. at 70. These opinions miss the mark.

---

[1] The parties spar over whether Dinoff's opinions are admissible, but the Court need not definitively decide that question here. The Court will assume that Dinoff's opinions are admissible solely for purposes of this Order.

Weiner cannot avoid summary judgment on some generalized theory of foreseeability that is divorced from the particular events in question. *See, e.g.*, *Bencomo v. Costa Crociere, S.P.A. Co.*, Case No. 10-cv-62437-WPD [ECF No. 18], at 4-5 (S.D. Fla. Nov. 14, 2011) (Dimitrouleas, J.), *aff'd* 476 F. App'x 232, 232-33 (11th Cir. 2012) ("an argument that wet decks occurred regularly and thus were 'foreseeable' is not sufficient to create constructive notice."); *Stewart-Patterson v. Celebrity Cruises, Inc.*, 2012 WL 2979032, at *3 (S.D. Fla. July 20, 2012) (Cohn, J.) ("maritime law does not support a stand-alone claim based on" cruise line's alleged duty to take actions to reduce or eliminate foreseeable risks before they manifest, where such claim is "unconnected to [passenger's] specific accident"); *see also Hickey v. Washington Metro. Area Transit Auth.*, 360 F. Supp. 2d 60, 63 (D.D.C. 2004) (Leon, J.) (argument that floors "can become wet and slippery due to tile and lighting design" was insufficient to defeat summary judgment because "even if accepted by the Court, [it] would not prove that [defendant] should have known, prior to the plaintiff's accident, of the wet condition at the accident site and therefore should have addressed the problem"); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358-59 (11th Cir. 1990) (rejecting argument that "Carnival should have known that there was a danger of passenger injury because it was the owner and operator of the ship," and that "notice of the defect can be imputed to Carnival inasmuch as it created the threshold and maintained it"); *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, (W.D. Wash. 2004) (Pechman, J.) (rejecting argument that cruise line should be held liable absent actual or constructive notice "if it created an unsafe or foreseeably hazardous condition").

Even if such a theory were viable, Weiner never pled it. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004) (plaintiff cannot avoid summary judgment on the basis of claims never pled). Weiner's claims, as pled, relate only to Carnival's negligence in allowing a spill to be present and in failing to clean it up and/or warn Weiner and other passengers of it. The Complaint alleges that Carnival was negligent in allowing "a dangerous condition to exist on the premises by virtue of a foreign substance to be present on the floor;" in failing "to adequately clean the area after learning of the presence of a foreign substance on the floor;" in failing "to provide adequate warning of the dangerous condition;" in failing "to cordon off the area preventing foreseeable falls which would be caused by the foreign substance on the floor;" in failing "to implement appropriate policies and procedures with reference to the clean-up of hazardous conditions or substances on the floor;" and in failing "to properly train its staff regarding the clean-up of hazardous conditions or substances on the floor."

*See* Comp. ¶ 9. These allegations all relate to the presence of a "foreign substance" – a spilled liquid – on the promenade deck floor that caused Weiner to slip and injure himself. Thus, to get to a jury, Weiner must show there is a genuine issue of material fact that Carnival was on notice of a dangerous condition created by the presence of liquid on the promenade deck floor, at the time Weiner passed through on August 16, 2010. He has failed to do so.

Moreover, even under a general foreseeability theory, there is no evidence that spills and accidents of the sort experienced by Weiner "occurred with enough frequency to impute constructive notice" of a dangerous condition on the promenade deck to Carnival. *See Peer v. Home Depot U.S.A., Inc.*, 2012 WL 1453573, at *3 (S.D. Fla. Apr. 26, 2012) (Moore, J.) (while "plaintiff can establish constructive notice if the condition occurs with regularity and thus is foreseeable," in this case "there is no evidence that such a hazard occurred with enough frequency to impute constructive notice"); *see also Mercer v. Carnival Corporation*, 2009 WL 302274, at *2 (S.D. Fla. Feb. 9, 2009) (Moreno, C.J.) (rejecting argument that cruise line "had actual or constructive notice of the dangerous propensities of high gloss hardwood floors being in close proximity to the bathroom," where plaintiff fell after exiting the shower, because plaintiff failed to produce "any evidence to support his contention that [cruise line] had notice of the allegedly dangerous condition"). Dinoff's opinions about foreseeability are not evidence that spills actually frequently occurred on the promenade deck floor, rendering it unreasonably dangerous to traverse.

In addition, to the extent Dinoff seeks to draw into question the design of the flooring and lighting on the promenade deck, Weiner has presented no evidence that Carnival had any say or participation in such design decisions. Absent such, there can be no liability under a negligent design theory. *See, e.g.*, *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir 2012) ("[plaintiff] presented no evidence that [cruise line] actually created, participated in, or approved the alleged negligent design of these areas near the dining room where [he] was injured," and "[u]nder the law in this circuit, [cruise line] can be liable only for negligent design of the dining area if it had actual or constructive notice of such hazardous condition"); *see also Mendel v. Royal Caribbean Cruises, Ltd.*, 2012 WL 2367853, at *2-*3 (S.D. Fla. June 21, 2012) (King, J.) ("A cruise line is not liable for any alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design."); *Rodgers v. Costa Crociere, S.P.A.*, 410 F. App'x 210, 212 (11th Cir. 2010) (affirming summary judgment on negligent design theory "where there was no evidence whatsoever that [cruise line] actually designed the stairs or the hand rails").

For all of these reasons, Dinoff's opinions, no matter how viewed, are insufficient to defeat summary judgment under the particular circumstances of this case.

## Conclusion

Although Weiner's injuries are surely unfortunate, liability cannot rest on sympathy alone. *See Young v. Carnival Corp.*, 2011 WL 465366, at *4 (S.D. Fla. Feb. 4, 2011) (King, J.). Carnival "is not the insurer of the safety of the passengers," and does not become liable to a passenger merely because an accident occurs. *See Isbell*, 462 F. Supp. 2d at 1238. Here, for the reasons explained above, Weiner has failed to present any evidence creating a genuine issue of material fact that Carnival knew, or should have known, that the floor on the promenade deck was dangerously wet on the morning of August 16, 2010, when Weiner slipped and injured himself. This failure of proof dooms his case, thus entitling Carnival to summary judgment.[2]

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Defendant's Revised Motion for Summary Judgment [ECF No. 46] is **GRANTED**. The Plaintiff's Motion to Strike Defendant's Revised Motion for Summary Judgment for Using Improper Font Size [ECF No. 48] has no merit and is hereby **DENIED**. In light of this summary judgment ruling, all other pending motions on the docket are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida on October 22, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record;
U.S. Magistrate Judge

---

[2] Because Weiner failed to present evidence to establish liability for the injuries he suffered aboard the ship, it follows that Carnival cannot be held liable for the injuries he subsequently sustained.